# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,
a foreign corporation,

       Plaintiff/Counter-Defendant,

vs.                                                                              No. CIV 07-1048 JB/RHS

FRANCES WOOD,

       Defendant/Counter-Plaintiff.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss or Stay Proceedings, filed January 5, 2008 (Doc. 3)("Motion"). The Court held a hearing on February 22, 2008. The primary issues are: (i) whether the Court should exercise its discretionary jurisdiction under the Federal Declaratory Judgment Act over this case; (ii) whether Leona Wagner, the agent through whom Wood purportedly purchased her insurance policy, is a necessary party to this case; and (iii) whether the Court should permit Defendant Frances Wood to join Wagner as a party to this case if her joinder destroys complete diversity among the parties. Because the factors in St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d 1167 (10th Cir. 1995), favor exercise of jurisdiction, and because Wagner is not a necessary party and would destroy complete diversity, the Court will deny Wood's motion.

## FACTUAL BACKGROUND

Wood purchased her American National Property and Casualty Company ("ANPAC") insurance policy from and through Wagner, an agent for ANPAC. See Motion ¶ 2, at 2; Complaint for Declaratory Judgment, Reformation of Contract, Breach of Contract, Insurance Bad Faith,

Negligence, Damages for Personal Injury and Unfair Trade and Insurance Practices (dated December 5, 2007) in <u>Wood v. Am. Nat'l Property and Casualty Co.</u> in the First Judicial District Court, County of Santa Fe, State of New Mexico ¶¶ 10-12, at 2, filed January 5, 2008 (Doc. 3-2)("Wood's Complaint").  Wood and Wagner are both residents of the State of New Mexico.  <u>See</u> Complaint ¶¶ 1, 5, at 1, 2.

## **PROCEDURAL BACKGROUND**

ANPAC filed a complaint for declaratory judgment in federal court on October 17, 2007. <u>See</u> Complaint for Declaratory Relief, filed October 17, 2007 (Doc. 1)("ANPAC's Complaint"). ANPAC requests only declaratory relief.  <u>See</u> Complaint for Dec. Relief.  ANPAC requests that the Court

> enter judgment providing that [(i)] ANPAC has complied with the requirements of New Mexico law in advising Defendant of the amount she selected for UM/UIM coverage; [(ii)] [Wood], in writing, selected UM/UIM bodily injury coverage in the amount of $25,000.00 per individual and $50,000.00 per occurrence; [(iii)] the maximum amount of coverage to which [Wood] is entitled under the Policy for UM/UIM bodily injury is $25,000.00 per individual and $50,000.00 per incident; [(iv)] [Wood] is bound by the Court's determination herein; and [(v)] ANPAC be awarded such other and further relief as the Court deems just and proper.

<u>Id.</u> at 5.

Wood filed a state action after ANPAC filed this action in federal court.  <u>See</u> Plaintiff American National Property and Casualty Company's Response in Opposition to Defendant's Motion to Dismiss or Stay Proceedings ¶ 1, at 1, filed January 22, 2008 (Doc. 5)("Response"). <u>Compare</u> Wood's Complaint <u>with</u> ANPAC's Complaint.  Wood's state action names Wagner as a defendant.  <u>See</u> Wood's Complaint at 1.

In her motion, Wood requests that the Court dismiss ANPAC's Complaint or, alternatively, stay these proceedings.  <u>See</u> Motion at 2.  Wood contends that she has filed a "parallel, more

comprehensive . . . proceeding" in state court.  See id. ¶ 1, at 1.  Wood argues that this case

"involves only questions of [s]tate [l]aw" and "requests that th[e] Court decline to entertain this

action for declaratory relief."  Id.  Wood contends that "[c]omplete and adequate relief cannot be

accorded among the present parties," and that "Leona Wagner should have been joined in this action

by ANPAC . . . ."  Id. ¶ 2, at 2.  Wood notes that, because Wagner and herself are residents of New

Mexico, joinder of Wagner would destroy diversity jurisdiction.  See id.  Wood argues that the state

court has jurisdiction over all necessary and indispensable parties, and thus her pending state court

action can accord full and complete relief to all parties. See id.

　　ANPAC responded to Wood's motion on January 22, 2008.  See Plaintiff American National

Property and Casualty Company's Response in Opposition to Defendant's Motion to Dismiss or

Stay Proceedings, filed January 22, 2008 (Doc. 5)("Response").  ANPAC argues that Wood has not

applied the factors in State Farm Fire and Casualty Co. v. Mhoon, 31 F.3d 979 (10th Cir. 1994), to

demonstrate that the Court should not exercise jurisdiction.  ANPAC contends, that under those

factors, the Court should retain jurisdiction.  See Response at ¶ 13, at 5.  ANPAC argues that

Wagner is not a necessary party,  see id., and  notes that it is undisputed that, at the time it filed its

complaint on October 17, 2007, complete diversity existed between itself and Wood, see id. ¶ 14,

at 6.

　　ANPAC contends that Wood has made no argument that the case should be dismissed

because of Wagner's alleged indispensability.  See ¶ 16, at 6. ANPAC argues that Wagner does not

need to be a party to this case, because Wood does not seek relief from Wagner that is different or

unique from the relief sought from ANPAC.  See id. ¶ 17, at 13.  ANPAC contends that Wagner's

presence in the case is unnecessary to determine whether it owes $200,000.00 in UM/UIM coverage

to Wood, or to determine whether it acted in bad faith or engaged in unfair trade practices.  See id.
ANPAC contends that "Wood -- by asserting that ANPAC is vicariously liable for Ms. Wagner --
has admitted that a judgment from ANPAC alone will be both adequate and non-prejudicial."  Id.
ANPAC argues that Wood named Wagner as a defendant in her state case to defeat diversity
jurisdiction.  See id. ¶ 18, at 7.  ANPAC contends that the State Farm Fire and Casualty Co. v.
Mhoon factors favor the Court's retention of jurisdiction over the case.  See Response ¶¶ 19-28, at
8-13.

      In her Reply, Wood argues that a declaratory judgment action pending -- not involving her --
in the First Judicial District, County of Santa Fe, in the State of New Mexico "deals with the same
controversy that exists in this case."  Defendant's Reply to Plaintiff's Response in Opposition to
Defendant's Motion to Dismiss or Stay Proceedings at 2, filed February 4, 2008 (Doc. 6)("Reply"),
Exhibit 2,  Complaint for Declaratory Judgment, Reformation of Contract, Breach of Contract,
Insurance Bad Faith, Negligence, Compensatory Damages and Unfair Trade and Insurance Practices
in Hauser v. Am. Nat'l Property and Cas. Company, No. D-101-CV2007-0205 in the First Judicial
District Court in the County of Santa Fe, State of New Mexico (dated August 20, 2007)("Hauser
Complaint").  Wood is "quite optimistic that the Hauser case [will] resolve the controversy that she
had with ANPAC without resorting to further litigation."  Reply at 2.  Wood argues that ANPAC
was involved in another declaratory judgment action in the First Judicial District "involving a very
similar controversy as that presented in the Hauser case and this case."  Id. (citing Exhibit 3, Partial
Transcript of Proceedings in Klecan v. Am. Nat'l Property and Casualty Co., No. RA 2001-1705
(CV) in the First Judicial District of the County of Rio Arriba, State of New Mexico).

      Wood also contends that, under the State Farm Fire and Casualty Co. v. Mhoon factors as

analyzed by the Honorable Bobby R. Baldock, United States Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting in designation, in <u>Progressive Specialty Insurance Co. v. Mahelshwar Thakur</u>, No. CIV 06-542 (D.N.M.), that the Court should not exercise jurisdiction over this case.  <u>See</u> Reply at 3 (citing  <u>Progressive Specialty Ins. Co. v. Mahelshwar Thakur</u>, No. CIV 06-542, Order Denying Defendants' Motion to Dismiss But Allowing Defendant's Alternative Motion to Stay Proceedings, filed November 11, 2006 (Doc. 14)).  Wood further argues that the doctrine of priority jurisdiction, as discussed in <u>Cruz v. FTS Construction, Inc.</u>, 2006-NMCA-109, 142 P.3d 365, does not support ANPAC's argument that the Court should dismiss the case, because the doctrine of priority jurisdiction is an affirmative defense that is waived if not timely pled and because Wood's state case and this case "do not involve the same parties and the rights of the parties in the [s]tate [c]ourt are not capable of adjudication in the first filed [federal] action."  Reply at 5. Wood requests that the Court dismiss ANPAC's complaint or stay this proceeding pending resolution of Wood's state court action.  <u>See</u> <u>id.</u>

The Court held a hearing on February 22, 2008.  ANPAC argued that it is not as important, in the Tenth Circuit, "necessarily which suit[, state or federal] was filed first, but whether or not the insurer was acting in anticipation of a coercive suit in state court."  Transcript of Hearing (taken February 22, 2008)("Tr.") at 14:8-12 (Judson).[1]  ANPAC explained:

> For example, if the insured had sent a demand letter to the insurer saying, ["]if you don't satisfy our demand by October 30th we will file suit in state court[,"] and on October 29th rather than responding to the demand the insurer files a federal declaratory action . . . the Tenth Circuit at [the] very least would consider that to be procedural fencing and would likely determine that factor against the insurer, which is requesting the Court exercise its discretion pursuant to the . . . Declaratory

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Judgment Act.

Id. at 14:13-22 (Judson).  ANPAC argued "[t]hose facts don't exist in this case."  Id. at 14:22-23 (Judson).  Wood contended that she may have separate claims against Wagner, but that it is "very difficult to separate out the insurance company and the agent in discovery in addressing [the coverage issues]."  Id. at 8:19-24 (Court & Strand).  Wood suggested that Wagner could be liable for professional negligence and breach of fiduciary duty.  See id. at 9:20-22 (Court & Strand).

ANPAC countered that Wagner's anticipated role, if any, in the case would be very limited and would most likely be as a witness "to state what steps  she took . . . to advise the putative insured as the coverage is available and whether or not [Wood] kn[e]w the consequences of accepting or declining those coverages." Id. at 19:1-6 (Judson).  ANPAC contended that its interests are aligned with Wagner's interests.  See id. at 19:19-21 (Judson).  ANPAC noted that, in her New Mexico court action, Wood has argued that ANPAC has liability for Wagner's actions via respondeat superior.  See id. at 18:22-25 (Judson).  ANPAC also noted that the same attorney is representing both Wagner and ANPAC in the state action.  See id. at 19:11-12 (Judson).

## LAW REGARDING EXERCISE OF DISCRETIONARY JURISDICTION OVER DECLARATORY JUDGMENT ACTIONS

In Brillhart v. Excess Insurance Co. of America,  316 U.S. 491(1942), the Supreme Court of the United States explained that district courts are "under no compulsion to exercise . . . jurisdiction" under the Federal Declaratory Judgment Act.  Id. at 494.   The Supreme Court explained:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Id. at 495.  A court should determine whether the lawsuit "can be better settled in the proceeding

pending in the state court."  Id.

The United State Court of Appeals for the Tenth Circuit has adopted a five-factor test for

evaluating whether a district court should exercise its discretionary jurisdiction over a declaratory

judgment action.  See St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169.  These factors

include:

> [(i)] whether a declaratory action would settle the controversy; [(ii)] whether it would
> serve a useful purpose in clarifying the legal relations at issue; [(iii)] whether the
> declaratory remedy is being used merely for the purpose of "procedural fencing" or
> "to provide an arena for a race to res judicata "; [(iv)] whether use of a declaratory
> action would increase friction between our federal and state courts and improperly
> encroach upon state jurisdiction; and [(v)] whether there is an alternative remedy
> which is better or more effective.

Id. (quoting State Farm Fire and Cas. Co. v. Mhoon, 31 F.3d at 983).  In St. Paul Fire and Marine

Insurance Co. v. Runyon, the plaintiff, an insurance company, sought declaratory judgment that it

had no obligation to defend the defendant under the terms of a professional-liability insurance

policy.  See 53 F.3d at 1168.  The defendant sought indemnification and defense for claims brought

by his coworkers.  See id.  The insurance-company plaintiff refused to provide a defense.  See id.

After three years of negotiation, the defendant told the insurance-company plaintiff that he would

initiate a state court suit for breach of contract and bad faith by February 18, 1994 if it did not

assume his defense.  See id.  On February 17, 1994, the insurance-company plaintiff filed a diversity

action for declaratory judgment.  See id.  The defendant filed a complaint for bad faith and breach

of contract in state court on February 18, 1994.  See id.

The Tenth Circuit noted that the federal declaratory-judgment statute, 28 U.S.C. § 2201,

"vests the federal courts with power and competence to issue a declaration of rights."  St. Paul Fire

and Marine Ins. Co. v. Runyon, 53 F.3d at 1168.  "[W]hether this power should be exercised in a

particular case is vested in the sound discretion of the district courts."  Id.  The district court in St.

Paul Fire and Marine Ins. Co. v. Runyon had abstained from exercising jurisdiction, "because the

same issues were involved in the pending state proceeding, and therefore, there existed a more

effective alternative remedy."  Id. at 1169.

> The Tenth Circuit in St. Paul Fire and Marine Insurance Co. v. Runyon explained:
>
> The parties have a pending state contract action, which incorporates the identical
> issue involved in the declaratory judgment action. [The defendant's] state breach of
> contract complaint against [the insurance-company plaintiff] alleges the coworkers'
> lawsuit is a "covered claim" pursuant to the insurance policy. In resolving the
> insurance contract, the state court will necessarily determine rights and obligations
> under the contract. [The insurance-company plaintiff] is seeking a declaration by the
> federal court that the coworkers' lawsuit is not a covered claim. The issue in the
> federal declaratory judgment action is identical to what would be a defense to the
> state court contract action -- whether [the defendant]'s insurance contract with [the
> insurance-company plaintiff] protects him from the coworkers' lawsuit. Because the
> state court will determine, under state contract law, whether the tort action is covered
> by the insurance contract, it is not necessary for the federal court to issue a
> declaration on the insurance contract.

Id. at 1169.  A federal court is not required to refuse jurisdiction, but it "should not entertain a

declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are

likely to be decided in another pending proceeding."  Id. at 1170.  A federal court may abstain from

exercising jurisdiction over a declaratory judgment action if "the plaintiff is using the action for

procedural fencing."  Id.  The Tenth Circuit noted that the insurance-company plaintiff's timing of

filing suit "may not necessarily be bad faith on [its] part," but found that the insurance-company

plaintiff was unable to show error in the district court's perception that it was using the declaratory

judgment action for procedural fencing, or "to provide an arena for a race to res judicata."  Id.

(emphasis in original).

In State Farm Fire & Casualty Co. v. Mhoon, three lawsuits arose from Robert Mhoon shooting Takuro Fujiwara.  See 31 F.3d at 981.  Fujiwara and his wife filed suit in state court on November 2, 1990, alleging that Mhoon committed intentional torts against them.  See id. at 982. State Farm, Mhoon's insurer, agreed to defend him against the Fujiwaras, "but only under a reservation of rights which left State Farm free to seek a judicial determination of its contractual obligations to Mhoon."  Id.  On June 12, 1991, State Farm filed a declaratory judgment action under 28 U.S.C. § 2201, and sought declaration that Mhoon was not covered under the policy because he shot Fujiwara intentionally.  See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d at 982.  "Though the state tort suit between Mhoon and [Fujiwara] was still in progress at the time, the federal district judge agreed to hear State Farm's declaratory action."  Id.  The federal district court ruled, as a matter of law, that Mhoon intentionally shot Fujiwara.  See id.  "The critical question whether Mhoon acted intentionally was before both the state and federal courts simultaneously and the federal court's failure to await the state court's resolution of the issue opened the possibility that the state court would be foreclosed from deciding that Mhoon behaved only negligently and was, thus, entitled to be insured and defended."  Id. at 983.

The Tenth Circuit in State Farm Fire and Casualty Co v. Mhoon, held that the federal district court did not abuse its discretion by hearing the case, because "a live need for declaration of State Farm's rights and duties did, in fact, exist."  Id.  at 983-84.  The Tenth Circuit based its decision on (i) neither party suggested that State Farm could have been or was a party to the state tort action, "thus obviating the need for an independent declaratory action and providing a simpler and more efficient resolution of State Farm's obligations towards Mhoon[;]" (ii) there was substantial interest in deciding the question of duty to defendant without delay; and (iii) the federal district court was

-9-

an available forum to State Farm.  Id. at 984.  The Tenth Circuit noted that the federal court's exercise of jurisdiction did not unduly interfere with the state proceeding.  See id.  The federal court's decision on State Farm's duty "involved no matter, factual or legal, at issue in the state case."  Id.  The coverage issue was not a complicated one, and involved only a search of the record to determine whether Mhoon's conduct was accidental under the insurance policy.  See id.  "[It] was not a case, therefore, where the district court found a material factual dispute and proceeded to resolve it in the face of ongoing state proceedings on the same subject."  Id.  That scenario would have presented a different issue, especially if the state proceedings were quite far along.  Under those circumstances, a stay or dismissal might be proper.  See id.

   In 2006, Judge Baldock, sitting by designation on the United States District Court for the District of New Mexico, denied the defendants' motion to dismiss, but granted the defendants' request to stay the proceedings.  See Order Denying Defendants' Motion to Dismiss But Allowing Defendants' Alternative Motion to Stay Proceedings, Progressive Specialty Ins. Co. v. Thakur, No. 06-CV-542 BRB/RHS (D.N.M. November 14, 2006)(Doc. 14)("Thakur Order").  In Progressive Specialty Ins. Co. v. Thakur, the insurance company sought declaratory judgment that the total amount of coverage owed to the insured was $50,000.  See id. at 2.  The insured counterclaimed, seeking a declaration of rights and obligations, reformation of the insurance contract, and monetary damages for breach of contract, negligence, bad faith dealing, and violation of the New Mexico Insurance Code and Unfair Practices Act.  See id.  The insured also responded to the insurance company's suit in federal court by filing his own suit against the insurance company in state court.  See id.  The insured named an additional defendant that he contended was a necessary and indispensable party to the federal lawsuit.  See id.  The additional defendant was the agency that sold

the insurance policy to the insured.  See id.  Both the insured and the agency were residents of New Mexico, and the joinder of the agency "effectively destroyed diversity jurisdiction and the possibility of removal from state court."  Id.  Although the insured's state lawsuit was "broader in scope," it essentially raised issues identical to the insurance company's federal lawsuit.  Id. at 3.

Judge Baldock determined that "the state proceeding, unlike [the federal lawsuit], appear[ed] to encompass the entire controversy by addressing both [the insurance company's] and [the agent's] potential liability to [the insured]."  Id. at 5.  "In other words, the rights and obligations of all concerned parties may be adjudicated only in the state action," while the federal lawsuit "might lead to piecemeal litigation thereby undermining both federal and state interests in practicality and wise judicial administration."  Id. (internal quotations omitted and emphasis in original).  Judge Baldock explained that, for the same reasons, "the state remedy appear[ed] to be the most effective.  Because the state action [would] likely decide the rights of all interested parties, including the parties to the [federal action], such remedy necessarily is more comprehensive and cohesive."  Id. at 6.  Judge Baldock did not believe that the federal lawsuit provided the insured with an effective remedy, "because he might very well have to argue factually and legally similar issues against [the agency] in state court."  Id.

Judge Baldock in Progressive Speciality Insurance Co. v. Thakur explained, that more importantly, the case presented "purely questions of state law including the interpretation of the state's insurance code."  Id.  "The State of New Mexico has the predominant interest in deciding a matter involving an insurance policy issued within the state to a state resident involved in an auto accident on a state throughfare."  Id.  Judge Baldock did not dismiss the case, but stayed it, because "a stay avoids problems which might arise if application of a time bar might prevent [the insurance

company] from refiling its federal action." Id. at 7.

### LAW REGARDING JOINDER OF NONDIVERSE PARTIES

Rule 21 of the Federal Rules of Civil Procedure provides that courts have the authority to dismiss nondiverse, dispensable parties, at any time to preserve diversity jurisdiction. See Fed. R. Civ. P. 21 (proving that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."). "It is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time [to preserve diversity jurisdiction], even after judgment has been rendered." Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1371 (10th Cir. 1998)(internal quotations omitted). "That discretion is circumscribed, however, by Rule 19(b) because the court cannot proceed without indispensable parties." Lenon v. St. Paul Mercury Ins. Co., 136 F.3d at 1371. "Whether a party is indispensable, considering the factors required under Rule 19(b), is a matter left to the district court's discretion." Id. (citing Navajo Tribe of Indians v. New Mexico, 809 F.2d 1455, 1471 (10th Cir. 1987)).

The party seeking dismissal for inability to join an allegedly indispensable party has the burden of persuasion. See Rishell v. Jane Phillips Episcopal Mem'l Med. Cent., 94 F.3d 1407, 1411 (10th Cir. 1996). Determining whether an absent party is indispensable requires a two-part analysis. See id. First, the court must determine under rule 19(a) whether the party is necessary to the suit and must therefore be joined if joinder is feasible. See Rishell v. Jane Phillips Episcopal Mem'l Med. Cent., 94 F.3d at 1411. Second, if the absent party is necessary but cannot be joined, the court must then determine whether the party is indispensable under rule 19(b). See Rishell v. Jane Phillips Episcopal Mem'l Med. Cent., 94 F.3d at 1411. If the absent party is indispensible, the suit must be

dismissed.  See id.

Rule 19(a) of the Federal Rules of Civil Procedure provides:

**Rule 19. Required Joinder of Parties**

(a) **Persons Required to Be Joined if Feasible.**

(1) **Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) **Joinder by Court Order.** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

(3) **Venue.** If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Fed. R. Civ. P. 19(a).  Rule 19(b) of the Federal Rules of Civil Procedure provides:

**When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

-13-

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).   "[T]he prejudice to the relevant party's interest may be minimized if the absent party is adequately represented in the suit."  Rishell v. Jane Phillips Episcopal Mem'l Med. Cent., 94 F.3d at 1412.  If there is an identity of interest between absent parties and parties present in the suit, then the prejudice is minimized.  See id. (finding that the absent parties were not necessary because the present party "ha[d] an interest in establishing a right to recover . . . [that was] virtually identical [to the interests of the absent parties]  . . . .").

In Rishell v. Jane Phillips Episcopal Memorial Medical Center, the Tenth Circuit held that, where the prejudice is minimal, a court need not address the second factor, "which addresses the availability of means for lessening or avoiding prejudice."  Id. The Tenth Circuit explained that the third factor counsels against dismissal if the present party may obtain damages despite the absent parties lack of presence in a lawsuit.  See id. at 1412-13.  The availability of an alternate remedy in state court, "standing alone,  [is not] . . .  a sufficient reason for deciding that the action should not proceed among the parties before the court."  Id. (internal quotations omitted).  A court should not give "dispositive weight to the availability of an alternative forum."  Id. at 1413.

## LAW REGARDING THE DOCTRINE OF PRIORITY JURISDICTION

The doctrine of priority jurisdiction is not well developed in New Mexico.  See Cruz v. FTS Construction, Inc., 2006-NMCA-109, ¶ 11, 142 P.3d 365, 368.  The elements of priority jurisdiction are:

-14-

[(i)] the two suits must involve the same subject matter or the same cause of action; [(ii)] the two suits must involve the same parties; [(iii)] the first suit must have been filed in a court of competent jurisdiction in the same state, and [(iv)] the rights of the parties must be capable of adjudication in the first-filed action.

Id. ¶ 13, 142 P.3d at 368.  The doctrine of priority jurisdiction is not a jurisdictional doctrine in New Mexico.  See id. ¶ 28, 142 P.3d at 372.  Because this doctrine is not jurisdictional, "it may be an affirmative defense that could be waived if not timely raised."  Id. ¶ 29, 142 P.3d at 372.

In Cruz v. FTS Construction, Inc., the plaintiff filed a pro-se complaint in magistrate court and prevailed.  See 2006-NMCA-109, ¶ 2, 142 P.3d at 366.  The defendants appealed to the district court.  See id. While the appeal was still pending in the district court, the plaintiff filed a separate action in the district court.  See id. ¶¶ 2, 3, 142 P.3d at 366.  The Court of Appeals of New Mexico found that the first factor was satisfied, because the two suits arose out of the same transaction.  See id. ¶ 14, 142 P.3d at 368.  The second factor was satisfied because the defendants whom the plaintiff added in the second suit were in privity with the original defendant.  See id. ¶ 18, 142 P.3d at 369-70.  The Court of Appeals rejected the plaintiff's argument that the magistrate court was not of competent jurisdiction because it had a jurisdictional limit.  See id. ¶¶19-25, 142 P.3d at 370-71.  The final element was satisfied despite plaintiff's argument that she could not be made whole as a result of the jurisdictional limits on the magistrate court's jurisdiction in the first suit.  See id. ¶ 26, at 371-72.   See Historical Society of N.M. v. Montoya, 74 N.M. 285, 291, 393 P.2d 21, 25 (1964)(explaining that "the court first obtaining jurisdiction of a subject matter retains it, as against a court of concurrent jurisdiction."); Ortiz v. Gonzales, 64 N.M. 445, 450, 329 P.2d 1027, 1031 (1958)(same); Malcomb v. Smith, 54 N.M. 203, 209, 218 P.3d 1031, 1035 (1950); State v. Sweat,78 N.M. 512, 513, 433 P.2d 229, 230 (Ct. App. 1967)(noting that, "as between courts of concurrent jurisdiction, the court first acquiring jurisdiction of a subject matter retains it to the end . . . .").

## ANALYSIS

The Court will exercise its discretion and entertain this action under the Declaratory Judgment Act.  The <u>State Farm Fire & Casualty Co. v. Mhoon</u> factors favor exercise of jurisdiction. Because Wagner is not a necessary party under rule 19(a), and because her joinder would destroy diversity jurisdiction, the Court will not permit Wood to join Wagner to this action.

## I.     THE COURT, IN THE EXERCISE OF ITS DISCRETION, WILL RETAIN JURISDICTION UNDER THE DECLARATORY JUDGMENT ACT.

The Court is not convinced that it cannot grant complete and adequate relief among the present parties.  Under the <u>State Farm Fire & Casualty Co. v. Mhoon</u> factors, the Court will exercise jurisdiction over this action.  <u>See</u> 53 F.3d at 1169.

ANPAC contends that a declaratory judgment would resolve the central issue whether it complied with New Mexico law in notifying Wood that she chose the UM/UIM coverage for bodily injury in an amount less than her selected coverage for bodily injury liability.  <u>See</u> Response at 8. ANPAC argues that "even if the declaratory relief requested by [it] does not dispose of Wood's claims . . . Wood is still able to assert those claims as counterclaims in her answer.  Consequently, the declaratory relief sought by [it] is capable of fully resolving this controversy."  <u>Id.</u> at 9.  Wood contends that "[t]he rights and obligations of <u>all</u> concerned parties [may be] adjudicated only in the state action."  Reply at 3.  Wood further contends that "[a]n adjudication of the only controversy between the insured and insurer in this Court might lead to piecemeal litigation already undermining both federal and state interests in [p]racticality and wise administration."  <u>Id.</u> (internal quotations omitted).

The Court believes that this declaratory action would settle the controversy between ANPAC and Wood, and would fully adjudicate all rights and liabilities of the parties involved. It remains

unclear whether Wood has separate claims against Wagner, individually, that are distinct from those she may have against Wagner as an agent for ANPAC. Wood conceded at the hearing that, while she might have separate claims against Wagner, it is "very difficult to separate out the insurance company and the agent . . . in addressing [the coverage issues]."  Tr. at 8:19-24 (Court & Strand).

The Court believes that the central issue is whether ANPAC complied with New Mexico law in informing Wood about her selection of UM/UIM coverage.  This factor favors retention of jurisdiction.  Moreover, the legal relations and duties between ANPAC and Wood would be clarified through the declaratory action.  Accordingly, the second factor, "whether [the federal action] would serve a useful purpose in clarifying the legal relations at issue," favors exercise of jurisdiction.  State Farm Fire and Cas. Co. v. Mhoon, 31 F.3d at 983.

Although the timing of filing suit "may not necessarily be bad faith [on a party's] part," if the court perceives that a party is attempting to "provide an arena for a race to res judicata," then a finding that a declaratory judgment action was being used for procedural fending would be proper. St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1170.  In this case, because ANPAC filed first in federal court and then Wood filed in state court, it is difficult to say that ANPAC was engaged in any procedural fencing by filing a declaratory judgment action.  The third factor favors exercise of jurisdiction.

The Court is concerned about the friction between state and federal courts, and whether this action would be more effectively adjudicated in state court, because it involves issues of state law. Because of this concern, the fourth factor favors staying the case and allowing the state case to proceed forward first.  See St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169 (noting that "[b]ecause the state court will determine, under state contract law, whether the tort action is covered

-17-

by the insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract."). On the other hand, the Court's experience in similar situations is that the New Mexico state courts, because of their more limited reserves and extreme caseloads, are often pleased that the federal court is deciding the coverage issue. There is rarely any friction, the federal court can as effectively decide the issue, and the federal court is often involved and experienced in state-law insurance issues. Thus, while this factor favors staying the case, the other factors, in this case, outweigh this factor.

It is possible that a more effective remedy may exist in state court, because "the same issues [are] involved in the pending state proceeding . . . ." Id. Wood notes that the state courts may use the Court's decision in Farm Bureau Mutual Insurance Co. v. Jameson, 472 F.Supp.2d 1272 (D.N.M. 2006)(Browning, J.), to adjudicate this case. It is noteworthy that Wood seeks to avoid federal-court jurisdiction in this case, but uses in state court this Court's decision in Farm Bureau Mutual Insurance Co. v. Jameson as persuasive precedent. In contrast, ANPAC seeks to secure federal court jurisdiction, because it believes that it can satisfy this Court's standards in Farm Bureau Mutual Insurance Co. v. Jameson. If the court is going to be applying federal court precedent, regardless where the case is tried, it is not clear that the state court is a more effective or better forum than the court that drafted the prior opinion.

ANPAC contends that the New Mexico state doctrine of priority jurisdiction would result in the state court recognizing this Court's jurisdiction over its own jurisdiction. See Motion ¶ 27, at 12. The Court notes that the priority jurisdiction doctrine is not jurisdictional and may be waived if not timely raised. See Cruz v. FTS Construction, Inc., 2006-NMCA-109, ¶ 28, 29, 142 P.3d at 372. Although this doctrine is not well developed in New Mexico law, see id. ¶ 11, 142 P.3d at 368,

the Court believes the factors may be met in this case, because the two suits involve the same subject matter or cause of action, the first suit was filed in a court of competent jurisdiction in the same state, and the rights of the parties are capable of adjudication in the federal lawsuit. See id. ¶ 13, 142 P.3d at 368.

Wood contends that the Court would not have priority jurisdiction, because the two suits do not involve the same parties, and the rights of all the parties in state court cannot be adjudicated in the federal lawsuit. See Response at 5. New Mexico courts have recognized that parties may be treated as the "same" under the doctrine of priority jurisdiction if they are in privity with one another. See Cruz v. FTS Construction, Inc. ¶ 18, 142 P.3d at 369-70 (explaining that the suits involve the same parties if the defendants added by the plaintiff in the second suit were in privity with the original defendant). Although it is unclear if Wagner was in privity with ANPAC, and the Court need not decide that issue, if she was, then the Court has priority jurisdiction. Because it is unclear that the state court would be a better or more effective remedy, this factor does not counsel for a stay.

If the state court decides that the priority-jurisdiction doctrine does not apply, or otherwise wants to decide the issues in this case, the Court can re-examine the stay issue at that point. It is doubtful that any discovery or work will be wasted or unnecessary. The parties can most likely use their work product in this case effectively in the state-court case if that becomes advisable down the road.

Unlike the insured in St. Paul Fire and Marine Insurance Co. v. Runyon, there is no indication in the record before the Court that Wood told ANPAC that she was going to initiate a state lawsuit by a certain date if it would not assume her defense. See 53 F.3d at 1168. Wood has

not argued that ANPAC is attempting to engage in procedural fencing, unlike the insurance company in St. Paul Fire and Marine Insurance Co. v. Runyon. Instead, Wood contends only that "[i]t is very obvious that the First Judicial District Court has been, and currently is, involved in a number of cases dealing with the controversy concerned herein." Reply at 4.

Wood has not demonstrated that ANPAC is engaging in procedural fencing. There is nothing indicating that ANPAC is attempting to "provide an arena for a race to res judicata." St. Paul Fire and Marine Insurance Co. v. Runyon, 53 F.3d at 1170. In St. Paul Fire and Marine Insurance Co. v. Runyon, the Tenth Circuit noted that a court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." Id. On the other hand, the Tenth Circuit has stated: "But nothing in the Declaratory Judgment Act prohibits a court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues." Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1276 (10th Cir. 1989). The Tenth Circuit has thus not precluded a federal court from exercising jurisdiction merely "[b]ecause the state court will determine, under state contract law, whether [a] tort action is covered by the insurance contract." St. Paul Fire and Marine Insurance Co. v. Runyon, 53 F.3d at 1169. Rather, the Tenth Circuit has made it clear that the district court must carefully and thoughtfully exercise its discretion and that "it is not necessary for the federal court to issue a declaration on the insurance contract." St. Paul Fire and Marine Insurance Co. v. Runyon, 53 F.3d at 1169.

In State Farm Fire and Casualty Co. v. Mhoon, the Tenth Circuit approved the federal court's exercise of jurisdiction, because the continuation of the federal case did not unduly interfere with the state proceeding. See 31 F.3d at 984. The Tenth Circuit approved the exercise of jurisdiction

-20-

because there was no indication that the insurance company could have been or was a party to the state tort action, there was substantial interest in deciding the question of duty to the insured without delay, and the federal district court was an available forum to the insurance company. See id. at 984. Although ANPAC is a party to Wood's state action, ANPAC has a substantial interest in a decision regarding its duties to Wood, and this Court is an available forum to it. Moreover, there is no indication that the "state proceedings [are] quite far along." On the contrary, ANPAC filed this action before the state proceedings. Id. Thus, the Court believes that the Tenth Circuit's decision in State Farm Fire and Casualty Co. v. Mhoon does not preclude, and in fact supports, its exercise of jurisdiction over this case.

On balance, the factors favor the Court exercising jurisdiction over the case, and the Court does not believe it is uneconomical or vexatious for it to proceed in this declaratory judgment lawsuit. See Brillhart v. Excess Insurance Co. of America, 316 U.S. at 495 (stating that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."). Here, thee parties appear to be using this Court's opinion in a prior case, and the Court is familiar with the issues. Moreover, ANPAC filed this case first without any evidence of procedural maneuvering in doing so.

## II.   THE COURT IS NOT CONVINCED THAT WAGNER NEEDS TO BE JOINED TO THIS ACTION.

Wood has not carried the burden of demonstrating that Wagner is a necessary party to this lawsuit, especially where Wagner's joinder would destroy complete diversity. Wood has not explained what claims she has against Wagner as an individual that are distinct from the claims she has against Wagner as an agent for ANPAC. Wood has not shown that Wagner is a necessary party

here, much less an indispensible party.

Wood has the burden of persuasion because she seeks dismissal for inability to join an allegedly indispensable party. See Rishell v. Jane Phillips Episcopal Mem'l Med. Cent., 94 F.3d at 1411. Wood is unclear whether she has separate claims against Wagner individually. See Tr. at 9:20-22 (Court & Strand)(suggesting that "Wagner could be liable for professional negligence and breach of fiduciary duty."). Wood does not explain, however, how ANPAC would not, as principal, be liable for such torts. Indeed, Wood concedes that it is "very difficult to separate out the insurance company and the agent in discovery in addressing [the coverage issues]." Id. at 8:19-24 (Court & Strand). Moreover, ANPAC did not identify any conflict that it had with anything that Wagner had done and appears willing to adopt and defend what Wagner did. See Tr. at 19:19-21:4 (Judson)(stating that ANPAC and Wagner's interests are aligned).

Wood has failed to demonstrate that complete relief is unavailable to the parties already in the lawsuit. See Fed. R. Civ. P. 19(a)(1)(A)(stating that a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties . . . ."). Moreover, there is no indication that Wagner has an interest related to the suit which, as a practical matter, would be impaired if she is not a party to this case. See Fed. R. Civ. P. 19(a)(1)(B)(i)(stating that a party is necessary if he or she "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest."). The same attorney is representing her and ANPAC in the state case, and thus probably will be vigilant to protect her interests, if any, in this case as well.

There appears to be no risk, or at least minimal risk, that ANPAC or Wood would be subject to a substantial risk of multiple or inconsistent obligations if the Court does not join Wagner to this

suit.  See Fed. R. Civ. P. 19(a)(1)(B)(ii)(explaining that a party is necessary if that party's absence would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.").   Wood has not explained why Wagner's presence or absence makes any difference, as ANPAC appears to be the one that will be liable for any judgment against Wagner as an agent of the corporation.  Moreover, Wood has not sufficiently shown that there is no identity of interest between ANPAC and Wagner.  See Rishell v. Jane Phillips Episcopal Mem'l Med. Cent., 94 F.3d at 1412 (finding that the absent parties were not necessary because the present party "ha[d] an interest in establishing a right to recover . . . [that was] virtually identical [to the interests of the absent parties] . . . .").  In any case, because Wood has not shown that Wagner is a necessary party under rule 19(a), the Court need not determine if she is indispensable under rule 19(b).  See id. at 1411.

Moreover, allowing joinder of Wagner would destroy diversity.  Accordingly, because Wagner is not an indispensable party, the Court will not allow Wood to join her to this action, because her joinder would destroy diversity jurisdiction.  Cf. Lenon v. St. Paul Mercury Ins. Co., 136 F.3d at 1371 (stating, "[i]t is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time [to preserve diversity jurisdiction], even after judgment has been rendered.").  Because Wood has not demonstrated that Wagner's presence is necessary, her presence in the state proceeding does not counsel against the Court's exercise of jurisdiction in this case.  Compare Thakur Order at 5 (explaining that the state proceeding, unlike the federal lawsuit, encompassed the entire controversy by addressing the insurance company's and the agent's potential liability, and thus "the rights and obligations of all concerned parties may be adjudicated only in the state action.").

**IT IS ORDERED** that Defendant's Motion to Dismiss or Stay Proceedings is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Paul E. Houston
Brian T. Judson
Montgomery & Andrews, P.A.
Albuquerque, New Mexico

> Attorneys for the Plaintiff/Counter-Defendant American National
> Property and Casualty Company

Leof T. Strand
Attorney at Law, P.C.
Albuquerque, New Mexico

> Attorney for the Defendant/Counter-Plaintiff Frances Wood