# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,
a foreign corporation,

       Plaintiff/Counter-Defendant,

vs.                                                              No. CIV 07-1048 JB/RHS

FRANCES WOOD,

       Defendant/Counter-Plaintiff.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Reconsideration of the Memorandum Opinion and Order Denying Defendant's Motion to Dismiss or Stay Proceedings, filed May 19, 2008 (Doc. 23). The Court held a hearing on July 31, 2008. The primary issue is whether developments in the state-court proceeding subsequent to the Court's March 21, 2008 Memorandum Opinion and Order (Doc. 13)("March 21 MOO") create a risk that exercising federal jurisdiction in this case would improperly encroach upon state jurisdiction. For the reasons stated on the record, and for the reasons set forth in this Memorandum Opinion and Order, the Court finds that, in this case, given the state court's expressed desire to decide the state-law coverage question, it is more appropriate to stay the proceedings pending resolution of the state-court action.

## FACTUAL BACKGROUND

The factual background for this lawsuit is largely set forth in the March 21 MOO. The major underlying dispute concerns insurance coverage under an American National Property and Casualty Company insurance policy which Defendant Frances Wood purchased through Leona Wagner, an

agent for American National.  Wood represents that three different judges in the First Judicial District Court of the State of New Mexico, including the Honorable James A. Hall, have made decisions on coverage issues.

## PROCEDURAL BACKGROUND

After American National filed this suit in federal court for declaratory judgment, Wood filed a parallel and more comprehensive proceeding against American National in the First Judicial District Court of the State of New Mexico.  See Wood v. Am. Nat'l Property and Casualty Co., No. D-101-CV-2007-03063, in the First Judicial District Court, County of Santa Fe, State of New Mexico, Complaint for Declaratory Judgment, Reformation of Contract, Breach of Contract, Insurance Bad Faith, Negligence, Damages for Personal Injury and Unfair Trade Practices and Insurance Practices, filed in federal court January 5, 2008 (Doc. 3-2)("Wood's Complaint").  The Honorable James A. Hall, District Court Judge for the First Judicial District Court of the State of New Mexico, presides over the parallel state-court action.  Wood represents that there are other cases pending in the First Judicial District Court of the State of New Mexico in which substantially the same coverage question presented in this case is at issue, including one involving American National that was filed before American National filed the Complaint herein.

Notwithstanding the pending state-court proceeding, the Court decided to exercise its discretion and entertain the claim under the Declaratory Judgment Act.  In its March 21 MOO, which memorializes the decision to exercise jurisdiction, the Court discussed the five-factor test that the United States Court of Appeals for the Tenth Circuit set forth in St. Paul and Marine Ins. Co. v. Runyon, 53 F.3d 1167 (10th Cir. 1995), for evaluating whether a district court should exercise its discretionary jurisdiction over a declaratory judgment action.  See id. at 1169.

In its decision, the Court stated its concern about friction between state and federal courts,

and about whether the action would be more effectively adjudicated in state court because it involves issues of state law. <u>See</u> March 21 MOO at 17. Because of such concern, the Court stated that the fourth factor of the five-factor test favored staying the case and allowing the state case to proceed forward first. The Court noted, however, that, in its experience, the New Mexico state courts, because of their more limited resources and extreme case loads, were often pleased that the federal court is deciding coverage issues. The Court also stated that, if the state court decided that the priority-jurisdiction did not apply, or otherwise wanted to decide the issues in this case, the Court could re-examine the stay issue. <u>See</u> March 21 MOO at 19.

On April 17, 2008, at a hearing in the state-court action, Judge Hall denied American National's and Wagner's motions to dismiss on jurisdictional and venue grounds, or in the alternative, to stay. <u>See</u> Order, entered May 2, 2008. In his oral ruling, Judge Hall stated that he thought that the state court had the obligation to address this pure issue of state law and that it was more appropriately addressed in the state court. <u>See</u> Transcript of State Court Proceeding at 3:22-25 (taken April 17, 2008)(Judge Hall). Judge Hall stated: "I do think that this Court has the obligation to address this pure issue of state law, and I think it's more appropriately addressed here." <u>Id.</u> at 4:9-10.

On May 14, 2008, Wood's counsel hand delivered to American National's counsel a letter asking whether American National would concur in this motion. American National did not respond to Wood's letter, but filed a motion in federal court for summary judgment on May 16, 2008. Wood therefore assumed, correctly, that American National would not concur in her motion.

Wood requests the Court to reconsider its March 21 MOO denying her motion to dismiss or stay proceedings. Specifically, Wood requests that the Court reconsider the March 21 MOO and enter an order of dismissal of this declaratory judgment action or, in the alternative, stay all

proceedings pending resolution of the state court proceedings.  American National filed a response in opposition to Wood's motion for reconsideration.  See Plaintiff American National Property and Casualty Company's Response in Opposition to Defendant's Motion for Reconsideration of Memorandum Opinion and Order Denying Defendant's Motion to Dismiss or Stay Proceedings, filed June 2, 2008 (Doc. 25)("Response").

At the hearing, Wood argued that there were further complications in the state-court proceeding because the state court denied the motion for summary judgment.  See Transcript of Hearing at 3:17-23 (Strand)("Tr.").[1]  Wood contended that the state court's denial of the motion for summary judgement raises questions of issue preclusion and further substantiates the need to stay the federal court proceedings.  See id. at 4:4-7 (Strand).  American National pointed out that, while Judge Hall denied the motion for summary judgment, he did so because there is a genuine issue of material fact.  See id. at 5:24-6:4 (Judson).

American National also represented that it preferred the Court to stay the federal proceedings rather than dismiss them.  See id. at 6:14-17 (Judson).  According to American National, there was a possibility of an appeal of the state court's rulings on priority jurisdiction and on summary judgment.  In light of the possible appeal, American National argued that a stay would be more appropriate than dismissal of their declaratory judgment action.  See id. at 6:18-22 (Judson).

## RELEVANT LOCAL RULES

A party advancing a legal argument to the Court generally must support those arguments with authority.  According to the Local Rules of the United States District Court for the District of New Mexico, "[a] motion, response or reply must cite authority in support of the legal positions

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

advanced." D.N.M. LR-Civ. 7.5(a). <u>See</u> <u>Jacobson v. Qwest Corporation</u>, Memorandum Opinion and Order, No. Civ. 08-0156, at 6 (D.N.M. 2009). The Honorable Judge M. Christina Armijo, on the United States Court for the District of New Mexico, has stated that rule 7.5(a) requires parties to cite "legal authority." <u>Martinez v. Espanola Public Schools</u>, Memorandum Opinion and Order No. Civ. 04-0737, at 24 (D.N.M. 2005).

## LAW REGARDING RECONSIDERATION OF INTERLOCUTORY ORDERS

Every order short of a final decree is subject to reopening at the district judge's discretion. <u>See</u> <u>Price v. Philpot</u>, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). A district court has discretion to revise interlocutory orders before the entry of a final judgment. <u>See</u> <u>Trujillo v. Board of Education of the Albuquerque Public Schools</u>, 212 Fed. Appx. 760, 765 (10th Cir. 2007). A motion for reconsideration is an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings before entry of a final judgment. <u>See</u> <u>Wagoner v. Wagoner</u>, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).

## LAW REGARDING EXERCISE OF DISCRETIONARY JURISDICTION OVER DECLARATORY JUDGMENT ACTIONS

District courts are "under no compulsion to exercise . . . jurisdiction" under the Federal Declaratory Judgment Act. <u>Brillhart v. Excess Insurance Co. of America</u>, 316 U.S. 491, 494 (1942). The Tenth Circuit has adopted a five-factor test for evaluating whether a district court should exercise its discretionary jurisdiction over a declaratory judgment action. <u>See</u> <u>St. Paul Fire and Marine Ins. Co. v. Runyon</u>, 53 F.3d at 1169. These factors include:

> [(i)] whether a declaratory action would settle the controversy; [(ii)] whether it would serve a useful purpose in clarifying the legal relations at issue; [(iii)] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [(iv)] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [(v)] whether there is an alternative remedy

which is better or more effective.

Id. (quoting State Farm Fire and Cas. Co. v. Mhoon, 31 F.3d 979, 983 (1994)).  The Tenth Circuit has explained that the district courts must carefully and thoughtfully exercise their discretion.  See St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d at 1169.

## ANALYSIS

Wood has followed the local rules and brought a properly argued motion to reconsider.  The Court implicitly invited a motion to reconsider if certain events occurred in the state-court proceeding.  Those events have occurred, and Wood has properly brought them to the Court's attention.  The Court believes that, in this case, there is potential for substantial friction between the state and federal courts if the federal court were to exercise jurisdiction at this point.  The Court, however, does not believe that dismissal is appropriate.  The Court will therefore stay the federal court proceedings pending the outcome of the state-court proceedings.

## I.      WOOD'S MOTION IS NOT DEFECTIVE ON ITS FACE.

Initially, American National argues that the Court should deny Wood's motion to reconsider because it is allegedly defective on its face.  American National argues that, in her moving papers, Wood did not cite any authority for the proposition that the Court may reconsider its denial of her motion to dismiss or to stay.  See Local Rules of Civil Procedure 7.5(a) ("A motion, response, or reply must cite authority in support of the legal positions advanced.").  American National argues that the Court should deny Wood's motion to reconsider on these grounds alone.

Wood has drafted her pleadings to comport with rule 7.5(a).  Wood asks the Court to reconsider its March 21 MOO and cites the March 21 MOO to support her position.  Specifically, she refers to language in the March 21 MOO, in which the Court states that, if the state court decided that the priority jurisdiction doctrine did not apply, or otherwise wanted to decide the issues

in this case, the Court could re-examine the stay issue at that point.  Implicit in the Court's statement is that, if the appropriate circumstances arose, the parties could re-approach the Court to revisit its decision to retain jurisdiction.  Furthermore, Wood cites case law to support the other propositions set forth in her Motion to Reconsider.  The Court will not deny the Motion on the grounds that it did not cite legal authority.

Additionally, American National argues that the Federal Rules of Civil Procedure do not recognize a motion to reconsider.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  American National argues that a litigant who is subject to an adverse judgment may file either a motion to alter or amend the judgment in accordance with rule 59(e) or a motion for relief from the judgment in accordance with rule 60(b).  In this case, Wood has filed neither a rule 59(e) motion nor a rule 60(b) motion.  The case law that American National cites for this proposition is thus inapposite.

The Tenth Circuit, in Van Skiver v. United States, noted that a litigant subject to an adverse judgment has the option of filing a motion either under rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.  There is no litigant in this case subject to a final judgment, so rules 59(e) and 60(b) do not apply.  American National recognizes that fact in its briefing.  See Response ¶ 3, at 2 ([T]he denial of Defendants' Motion to Stay is not a judgment, and thus neither relief under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b) is appropriate.").  American National argues from that premise that there is no means under the rules of approaching a trial court to request that it revisit an interlocutory ruling that may be based on erroneous or changing facts or legal propositions.

The case law, however, recognizes a district court's discretion to reconsider interlocutory rulings.  See Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  Either party may ask the Court to reconsider such an interlocutory ruling.  In this case, the Court expressly pointed out in its

March 21 MOO the circumstances under which it would reconsider its decision to exercise jurisdiction over this declaratory-judgment action.  It was therefore permissible and proper for Wood to file a motion to reconsider in this case.

## II.   THE COURT WILL RECONSIDER ITS ORDER DECLINING TO STAY THIS CASE.

Wood's motion is especially appropriate in this case because of the language in the Court's March 21 MOO.  The Court expressed concern about the friction between state and federal courts, and about whether this action would be more effectively adjudicated in state court because it involved issues of state law.  The Court's concern was lessened because of the Court's past experience of having New Mexico state courts often being pleased to have the federal courts decide coverage issues.  Because the state courts often want the federal court to decide the coverage issue, the Court has rarely, if ever, experienced any of the friction about which it was concerned.  In its March 21 MOO, the Court stated: "If the state court decides that the priority-jurisdiction doctrine does not apply, or otherwise wants to decide the issues in this case, the Court can re-examine the stay issue at that point."  March 21 MOO at 19.

The point that the Court anticipated in its March 21 MOO has now been reached.  The state court has retained jurisdiction over its matter.  This Court should thus reconsider its earlier refusal either to stay or dismiss this federal matter.  Judge Hall noted at the April 17, 2008 state court hearing that they were "dealing with an issue that is, by all accounts, purely an issue of state law, that the obligation exists on the State Court to address those issues, despite the burdensome caseloads that we have."  Transcript of State Court Proceedings at 3:22-25 (Judge Hall).

Moreover, Judge Hall denied Wagner's motion to dismiss or to stay the state-court proceedings, noting that he had jurisdiction and that it was the state court's obligation to address the

state-law issue.  See April 17 Tr. at 4:11-15 (Judge Hall).  Given that the state court is exercising jurisdiction and has expressed a desire to decide the state-law question at issue in this case, the fourth prong of the St. Paul Fire and Marine Ins. Co. v. Runion test counsels in favor of reconsideration.  Specifically, the state court's desire to decide the state-law question, and its denial of the motion to dismiss or stay the state court proceedings, creates a risk that  there will be friction between the state and federal courts.

## III.    THE COURT WILL STAY THE CASE PENDING RESOLUTION OF THE STATE-COURT CASE.

This case presents a different situation than what the Court has experienced in the past. Friction exists in this matter, and there is a need for the Court to address this real – and no longer theoretical – concern.  There is now a real – not merely theoretical possibility – of any federal remedy being inconsistent with the state remedy for Wood.  If the Court were to rule against Wood in this case, there is the possibility that he would have no effective remedy for relief, even if the federal remedy were inconsistent with any state remedy.  Wood's action herein would be more effectively adjudicated in the First Judicial District Court of New Mexico.

While Wood asks the Court either to dismiss or to stay the federal court proceedings, a stay is more appropriate.   When there is a choice to stay or dismiss a case where there are contemporaneous state and federal proceedings, the Tenth Circuit has stated:

> We think the better practice is to stay the federal action pending the outcome of the state proceedings.  Attwood [v. Mendocino Coast Dist. Hosp.], 886 F.2d [241,] . . . 243 [9th Cir. 1989)]; Rosser [v. Chrysler Corp.], 864 F.2d [1299] . . . 1308-09 [(7th Cir. 1988)]; Mahaffey v. Bechtel Assocs. Professional Corp., 699 F.2d 545, 546-47 (D.C.Cir.1983); Allen v. Louisiana State Bd. of Dentistry, 835 F.2d 100, 105 (5th Cir. 1988), cert. denied, 503 U.S. 1006 . . . (1992).  In the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action.

Fox v. Maulding, 16 F.3d 1079, 1083 (10th Cir. 1994).

There is a possibility of an appeal of the state-court ruling that has brought about this Motion to Reconsider.  An appellate decision reversing Judge Hall's decision might create circumstances that would make it appropriate to proceed with this action in federal court.  At this time, it is therefore more prudent to stay the federal-court proceedings and allow the state court action to play out.

## IV.   **WOOD HAS AGREED TO WITHDRAW HER OTHER PENDING MOTIONS.**

At the hearing, Wood represented that she would withdraw all of her motions currently pending in this Court.  See Tr. at 9:25-10:1 (Strand).  Those motions include: (i) Defendant's Motion for an Extension of Time in Which to Respond to Plaintiff's Motion for Summary Judgment, filed May 19, 2008 (Doc. 24); and (ii) Defendant's Motion for Stay of Plaintiff's Discovery, filed July 25, 2008 (Doc. 31).  American National has stated that it does not object to Wood withdrawing all of her motions.  See id. at 10:9 (Judson).  In accordance with the parties' representations at the hearing, the Court will order Wood to file a notice with the Court withdrawing each of its pending motions.  As stated at the hearing, the Court will stay Plaintiff American National Property and Casualty Company's Motion for Summary Judgment, filed May 16, 2008 (Doc. 21).  See Tr. at 10:22-25 (Court).  Wood does not need to respond to the Motion for Summary Judgment at this time.  If, at some point, the stay is lifted, the Court and the parties can work to establish a schedule for continued briefing.

**IT IS ORDERED** that the Defendant's Motion for Reconsideration of Memorandum Opinion and Order Denying Defendant's Motion to Dismiss or Stay Proceedings is granted in part and denied in part.  The Court has reconsidered its Memorandum Opinion and Order and stays all proceedings pending resolution of the state court proceedings.  The Court will not, at this time,

dismiss this declaratory judgment action.  The parties will provide the Court with a status report

within ten days of the entry of this order and every ninety days thereafter.


_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Paul E. Houston
Brian T. Judson
Montgomery & Andrews, P.A.
Albuquerque, New Mexico

> *Attorneys for the Plaintiff/Counter-Defendant American National
>    Property and Casualty Company*

Leof T. Strand
Attorney at Law, P.C.
Albuquerque, New Mexico

> *Attorney for the Defendant/Counter-Plaintiff Frances Wood*