## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY, a foreign
corporation,

        Plaintiff,

v.                                   Case No. CIV-2007-01048 JOB/RHS

FRANCES WOOD,

        Defendant.

### SUPPLEMENT TO EIGHTH JOINT STATUS REPORT

COMES NOW Plaintiff American National Property and Casualty Company ("ANPAC"), by and through its attorneys of record, Montgomery & Andrews. P.A. (Paul E. Houston, Esq. and Brian T. Judson, Esq.), and, in accordance with the Court's June 4, 2010 Minute Order requesting clarification of the Eighth Joint Status Report state as follows:

1.     In response to this Court's June 4, 2010 Minute Order, the parties clarify that the "Court" referenced in the last sentence of Paragraph 2 of the Eighth Joint Status Report is the State District Court. With the dismissal of Defendant Frances Wood, which is pending, there will be no further claims remaining in the state court proceeding.

2.     As requested, a copy of the partial transcript of the April 29, 2010 proceedings before Judge Ortiz is attached hereto.

{00194504-1}

Respectfully submitted,

MONTGOMERY & ANDREWS, P.A.

By _____
PAUL E. HOUSTON, Esq.
BRIAN T. JUDSON, Esq.
Attorneys for American National Property
and Casualty Company
P.O. Box 36210
Albuquerque, NM 87176-6210
(505) 884-4200

By my signature below, I hereby certify that a true and correct copy of the foregoing pleading was served by the Court's CM/ECF system to Leof T. Strand, Esq., Law Offices of Leof T. Strand, P.O. Box 91597, Albuquerque, NM 87199-1597, on this __15th__ day of June 2010.

_____
PAUL E. HOUSTON, ESQ.
BRIAN T. JUDSON, ESQ.

{00194504-1}    2

```
 1  FIRST JUDICIAL DISTRICT COURT
    COUNTY OF SANTA FE
 2  STATE OF NEW MEXICO

 3
    FRANCES WOOD,
 4
         Plaintiff,
 5
    vs.                              Case No. D-0101-CV-200703063
 6
    AMERICAN NATIONAL PROPERTY
 7  AND CASUALTY COMPANY, et al.,

 8       Defendant.

 9

10
```

11              **(Partial) TRANSCRIPT OF PROCEEDINGS**

12       On the 29th day of April, 2010, at

13  approximately 1:30 PM, this matter came on for

14  hearing before the HONORABLE RAYMOND Z. ORTIZ, Judge of

15  the First Judicial District Court, State of New Mexico,

16  Division III.

17       The Plaintiff appeared by Counsel of Record, LEOF

18  T. STRAND, Law Offices of Leof T. Strand.

19       The Defendant appeared by Counsel of Record, BRIAN

20  T. JUDSON, Montgomery & Andrews.

21

22

23

24

25

```
 1              THE COURT:  The matter I'm calling is
 2   D-0101-CV-200703063, Wood vs. American National, et al.
 3   Please state your appearances for the record.
 4              MR. STRAND:  William Strand for Frances Wood.
 5              THE COURT:  All right, thank you.
 6              MR. JUDSON:  Brian Judson for American National
 7   Property and Casualty Company.
 8              THE COURT:  All right, so this matters comes
 9   before the Court on some Motions for Summary Judgment
10   as well as for a Scheduling Conference.
11              Let me just ask a preliminary question with
12   respect to the Defendant's Motion for Summary Judgment,
13   I note from having reviewed the file that there is a
14   ruling by Judge Hall on January 6th, basically an Order
15   granting Summary Judgment already in this case.
16              How does that impact the Defendant's motion?
17              MR. JUDSON:  Your Honor, I don't think we, the
18   Defendants actually have, other than that, a pending
19   motion.  Mr. Strand had actually prepared a fairly
20   excellent history of the rather convoluted path this
21   case has trod.
22              As you may know, we initially filed, and Mr.
23   Strand addressed this --
24              THE COURT:  Right, you've got a parallel case
25   in Federal Court.
```

```
 1          MR. JUDSON:  Right.  We filed, as Defendants we
 2   filed a Motion for Summary Judgment on our claim for
 3   declaratory judgment.  That Motion for Summary Judgment
 4   was denied.
 5          We then filed a Motion for Summary Judgment on
 6   all of the extracontractual claims, and that's the
 7   motion that was granted.
 8          It is my understanding at this point that the
 9   only motion before the Court is Plaintiff's Motion for
10   Summary Judgment.
11          THE COURT:  And that's why I asked the question
12   about Judge Hall's ruling on January 6th.
13          MR. JUDSON:  I think his ruling speaks to the
14   extracontractual claims, the bad faith, the breach of
15   the Unfair Trade Practices Act.
16          I think the only issue before the Court is the
17   reformation of the contract issue, the determination as
18   to whether or not Ms. Wood is entitled to UM/UIM
19   coverage in an amount equivalent to or underlying
20   bodily injury coverage despite the fact that she
21   selected lower limits, and I would be so candid as to
22   suggest that with the advent of the Romero vs.
23   Progressive case, which was published middle of last
24   month, the answer to that has probably been reached,
25   although sert has been granted on that case.
```

```
 1              THE COURT:  All right, let me hear from you,
 2    Mr. Strand.
 3              MR. STRAND:  Your Honor, there are some
 4    housekeeping issues, if I might.  May I approach?
 5              THE COURT:  Sure.
 6              MR. STRAND:  This is a case history that I will
 7    go through, and these are a copy of the Clerk's minutes
 8    of the last status conference with Judge Browning,
 9    where he has directed Mr. Judson and I to do certain
10    things, and it is rather unusual, but because a judge
11    has directed it, we feel that we should go forward with
12    it.
13              THE COURT:  Normally that's the protocol.
14              MR. STRAND:  Yes, well, you know, on a case
15    history -- may I speak from here, your Honor?
16              THE COURT:  Sure.
17              MR. STRAND:  ANPCC -- when I say ANPCC, I mean
18    ANPCC and Leona Wagner -- ANPCC filed a Dec action in
19    US District Court on October 17, '07.
20              Then after we were finally served or prior
21    thereto, Frances Wood filed a complaint against ANPCC
22    in this district for Dec action, reformation of
23    contract, breach of contract, insurance bad faith,
24    negligence, damages for personal injury and unfair
25    trade insurance practices.
```

1         Shortly thereafter, January 4th, Frances Wood
2    filed a Motion to Dismiss her stay the Dec action in
3    the Federal Court, and ANPCC filed a similar motion
4    here in the State Court as to our Dec action on same
5    date.
6         On March 21, '08, Judge Browning entered a
7    Memorandum of Opinion Order denying Frances Wood's
8    Motion to Dismiss her Stay of Proceedings.  What he did
9    do, however, is he left some light on and said that he
10   would revisit it if the State Court assumed
11   jurisdiction or continued jurisdiction, you see he was
12   aware of the deck action.
13        I would state that the experience that we've
14   had as lawyers in New Mexico when there has been a
15   companion State Dec action, the Federal judges
16   invariably have refused to exercise discretion as to
17   assume jurisdiction, it is rather unusual for them to
18   do that.
19        We had a hearing before Judge Hall.  Judge Hall
20   felt, stated in the record that this was, in his
21   opinion, exclusively a state issue and the State judge
22   had the obligation to go forward with it, and entered
23   an Order on May 2nd, '08, denying ANPCC's Motion to
24   Dismiss to state.
25        We then filed a Motion for Reconsideration,

1    Frances Wood did, in Federal Court of the Memo Opinion,
2    where Judge Browning denied our Motion to Stay or
3    Dismiss.
4         That hearing was actually held on July 31st,
5    '08, but we didn't get a decision until the following
6    January 29th, when Judge Browning entered a Memo
7    Opinion and Order granting in part, denying in part our
8    Motion for Reconsideration.
9         He stayed it but didn't dismiss it, and he
10   ordered us that we would have every 90 days or 120
11   days, I can't remember what it was, a status report
12   back to him which we've done all through this time.
13        On July 29th, '08, Judge Hall entered an Order
14   denying ANPCC's Motion for Summary Judgment regarding
15   our Dec action and the reformation of the contract, so
16   that motion has been taken care of.
17        On August 7th, ANPCC filed a Motion for Summary
18   Judgment regarding Frances Wood's claims for bad faith
19   in violation of the New Mexico Insurance Code and
20   Unfair Trade Practices Act.  On January 6th, '09, Judge
21   Hall entered an Order granting that motion.
22        Then on the 29th, January 29th, '09, Judge
23   Browning entered that Memo where he stayed the Federal
24   action.
25        On February 9, '09, Frances Wood filed a Motion

1  for Summary Judgment in this Court directed to Count 1,
2  the Dec action and Count 2, the reformation of the
3  contract.
4         That was fully briefed and argued on April
5  21st, '09, before Judge Hall.  Judge Hall withheld
6  ruling and we can only guess -- Judge Hall ruled on a
7  lot of these cases and he was very familiar with the
8  issue.
9         Going back to 2001, he ruled in a case
10 involving ANPCC and these defense counsel that the
11 documents didn't meet the requirement of the statute
12 and the regulation on offer of rejectment (sic), so he
13 was very familiar with the issue.
14        This Romero vs. Progressive case that Mr.
15 Judson referred to was Judge Hall's case.  In fact, he
16 told us that this issue, after we were arguing it, he
17 said, gentlemen, this issue is going up, it is up there
18 already.
19        I think maybe he was waiting for the Romero
20 Opinion to be published.  He retired in December '09,
21 and the Romero Opinion wasn't published until April of
22 '10.  That could be an explanation.
23        Anyway, in January of this year, Judge Hall
24 called for a status conference that Mr. Johnson's
25 partner, Paul Houston and I attended.

1        THE COURT:  In January of this year?

2        MR. STRAND:  Yes.

3        THE COURT:  Well, that's not possible, he was already retired.

5        MR. STRAND:  No, no, Judge Browning, I'm sorry.

6        THE COURT:  Okay.

7        MR. STRAND:  It was maybe February, February I think it was, and at the end of that status conference, Judge Browning made the statement that appears in the Clerk's minutes, and now mind you, one of the arguments that I offered to Judge Hall at the very beginning on this Motion to Stay and Dismiss the State Action, is that I was in a real tough situation, because there was a lot of litigation going on in this issue in the State forum, and this issue was going to be resolved by our Appellate courts one way or the other.

17       If I was stuck over in the Federal system and that judge guessed wrong as to what the State court decided, we were precluded from State jurisprudence because it was res judicata, it was barred.

21       Judge Hall realized that, and I think that was one of the reasons that he said this is a State issue and it should be resolved in State Court.  This was very important to the Plaintiff.

25       Now, as you can tell, the catch-22 we would be

```
 1   in, well Judge Browning says, need to get the case
 2   going, have deferred to State, they do not seem to be
 3   moving it along as the Federal Court does -- well, he
 4   took seven months to rule on our Motion for
 5   Reconsideration.
 6        Will give 30 days to get judge sorted out.  I
 7   explained to him it started out with Judge Hall.  When
 8   he retired it went to Judge Sanchez.  Judge Sanchez
 9   retired, it went to Judge Singleton.  She recused
10   herself because she was part of the Montgomery &
11   Andrews Firm, and then it was in limbo, and the rumor
12   was that Judge Ortiz would get Judge Sanchez' docket,
13   but not until the new judge was appointed.
14        So we were in this limbo period when we were
15   before Judge Browning, and I explained to him I have a
16   request for status conference in, but we don't have a
17   judge to hear it at the moment, but we will be having
18   one.  So he says okay, as if Judson and I have --
19        THE COURT:  So where are you now on Page 2 of
20   this --
21        MR. STRAND:  Yes, Page 2.  The Court: Will
22   give 30 days to get judge issue sorted out.  30 days
23   thereafter, parties will need to send a letter or
24   pleading to new judge providing him or her with this
25   Court's Opinion, and inquire if new judge wishes, as
```

1   Judge Hall did, to decide the issue.

2         It goes on, experience has been State Court is
3   always happy to have Federal Court decide these issues,
4   encourages counsel to send the new judge 3.108, 129-09
5   Opinions, but definitely want them to send a letter.
6   Want that to be accompanied by a request for conference
7   with the new judge, then parties can provide this Court
8   with a copy of the transcript from the hearing and this
9   Court can determine if exercising jurisdiction will
10  cause friction.

11        As you can see, we're very far down the road in
12  the state forum, and a lot of decisions have been made
13  and it would create considerable friction and problems
14  for us now to have the State Court drop the
15  jurisdiction or stay it and put us back into the
16  Federal Court, we virtually would have to repeat
17  everything for really no reason.

18        I believe at the end of this hearing, this
19  matter probably will be resolved based upon the case
20  law that has come down since a year ago when we were
21  here arguing this same motion.

22        So I would, it was necessary to have this,
23  present this to you.  I do have the two Opinions if you
24  would like to read them, but it is like 30, 40 pages
25  long, but I will be glad to give them to you if you

```
 1  feel it is necessary.
 2          But I certainly would encourage the Court to
 3  continue with exercising jurisdiction and moving on to
 4  our Motion, which hopefully will resolve the case.
 5          THE COURT:  All right, thank you counsel.
 6          MR. JUDSON:  Judge, if I might.  I would add I
 7  also have copies of the Memorandum of Opinion and Order
 8  of the Court with me.  You probably don't want to read
 9  them right now, they are very lengthy, but I have both
10  of them with me.
11          This case actually got set for trial in January
12  2008, and at that time Mr. Strand and I agreed that
13  given the disposition of, the denial of our Motion for
14  Summary Judgment on the declaratory judgment action and
15  the extreme likelihood that Judge Hall was going to
16  rule in Mr. Strand's favor on his Motion for Summary
17  Judgment as well as the dismissal of the
18  extracontractual claims, we agreed that we would
19  dismiss Leona Wagner out of the case.
20          So the only issues before the Court were going
21  to be the equalization claim, and that that could be
22  determined on the briefing, we probably wouldn't even
23  need a hearing given what was obviously Judge Hall's
24  position on it and what presumably I have to say now is
25  the law of the State of New Mexico, although it wasn't
```

1  at the time.

2  THE COURT: That it would be controlled by this
3  Romero case?

4  MR. JUDSON: Correct, which to my mind strongly
5  reflects opinions that Judge Hall expressed at various
6  times when I appeared in front of him.

7  I think that in many ways that opinion is a
8  very clear reflection of how he felt about these
9  issues. So we agreed that a trial would be unnecessary
10 and wasteful given that we pretty much knew how it was
11 going to come out, and what we were really interested
12 in at that point was a final judgment so that we could
13 appeal it and get this case moving down the road.

14 In the meantime, Plaintiff is going to need to
15 file, actually file a claim, a UM claim, because there
16 has never been a claim filed that was the basis of our
17 Motion for Summary Judgment on the extracontractual
18 claims, and we'll either arbitrate it under the
19 contract, reach some kind of a settlement or go to
20 trial or whatever we need to do with that, but I think
21 that's really where we are going in this case.

22 I think both of us, maybe I'm speaking out of
23 turn, but I think what both of us would like for this
24 matter is some kind of, dismissal of Wood, or not Wood
25 of Wagner, a final disposition on the equalization

1  claim and a judgment we can take to the Court of
2  Appeals so that we can get this case over with.
3          THE COURT: Okay. Mr. Strand?
4          MR. STRAND: Sure, I'm willing to proceed with
5  the presenting of the Motion for Summary Judgment on
6  behalf of the Plaintiff as to Counts 1 and 2. I'm
7  sorry, I guess I'm getting ahead.
8          THE COURT: Well, no, I mean I take it both
9  counsel want some direction from this Court as to
10 whether I'm going to proceed and continue to assert
11 jurisdiction in this Court or whether I would defer
12 basically to Judge Browning in the Federal Court,
13 correct?
14         MR. STRAND: Correct.
15         THE COURT: Well, from my perspective, since
16 Judge Hall previously asserted that the State would go
17 forward in this case and it is a state issue, from my
18 perspective that's the law of the case, so I fully
19 intend to continue with that particular position.
20         I mean I think Judge Hall's ruling in that
21 respect is well taken, so I will continue to assert
22 jurisdiction. You can advise Judge Browning of that
23 however you choose to, either by getting a transcript
24 of this hearing or just advising him by joint letter or
25 status conference of what this Court's position is.

```
 1   STATE OF NEW MEXICO         )
                                 )  ss
 2   COUNTY OF SANTA FE          )

 3

 4       I, COLETTE E. ORTEGA, Official Court Reporter for

 5   the First Judicial District of New Mexico, hereby

 6   certify that I reported, to the best of my ability, the

 7   proceedings, D-0101-CV-200703063, the testimony is a

 8   true and correct transcript of my stenographic notes,

 9   and were reduced to typewritten transcript through

10   Computer-Aided Transcription; that on the date I

11   reported these proceedings, I was a New Mexico

12   Certified Court Reporter.

13       Dated at Santa Fe, New Mexico, this 10th day of

14   May, 2010.

15

16

17

18                          _____
                            COLETTE E. ORTEGA
19                          New Mexico CCR No. 262
                            Expires:  December 31, 2010
20

21

22

23

24

25
```